## STATE *v.* SULLIVAN.

1. NEW TRIAL ON NEW EVIDENCE—SUPREME COURT—CIRCUIT COURT.—As a motion for new trial on the ground of after-discovered evidence necessarily involves the determination of questions of fact, such motion must always be made in the first instance to the Circuit Judge; but this court may suspend a pending appeal and give leave to the Circuit Court to entertain the motion, where a *prima facie* showing is made in this court. Whether the showing is sufficient, must be determined by the Circuit Court, uninfluenced by the ruling of this court as to its *prima facies*.
2. IBID.—IBID.—IBID.—Adjudging the showing in this case to be *prima facie*, the appeal was suspended, with leave to appellant to move on Circuit for a new trial on the ground of after-discovered evidence.

Motion to suspend appeal, with leave to apply on Circuit for a new trial on the ground of after-discovered evidence.

*Messrs. S. W. Melton, E. B. Murray,* and *Jos. A. McCullough,* for the motion.

*Messrs. Ansel,* solicitor, and *Joseph H. Earle,* contra.

May 25, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. J. Mims Sullivan was convicted of murder at the Fall Term, 1893, of the Court of General Sessions for Anderson County, and duly sentenced. From this judgment he has appealed to this court, where his appeal is now pending. After due notice to the State's counsel, he has

moved before this court for leave, pending the hearing of his said appeal, to apply to the Circuit Judge who shall preside at the next term of the Court of General Sessions for Anderson County for a new trial in such court upon after-discovered evidence. The repeated decisions of this court have established that the evidence offered on such application, so far as this court is concerned, must establish a *prima facie* right to such indulgence. We cannot pass upon the sufficiency of such evidence to warrant granting a new trial. All that is meant in our granting this permission to the prisoner, in any case, is that, in our judgment, we ought to suspend the hearing of his appeal here while he can be heard in the Court of General Sessions on his said motion for a new trial. We repeat and desire to emphasize the language of Chief Justice McIver in the case of *State* v. *Way*, 40 S. C., 297, while discussing this very matter: "But as the Supreme Court has not been invested with the power to determine questions of fact, except in a class of cases to which the present case does not belong, and as the determination of a motion for a new trial upon the ground of after-discovered evidence necessarily involves the determination of questions of fact, though questions of law, also, may sometimes be involved, it is very obvious that this court has no power to decide such a motion; and as the Circuit Court cannot exercise any jurisdiction in a case while an appeal is pending, the practice has been adopted, from the necessity of the case, of suspending the appeal for the purpose of enabling the moving party to apply to the Circuit Court, a tribunal which is invested with the power to determine questions of fact, for a new trial upon the ground of after-discovered evidence, provided a proper showing is made to this court for that purpose. The only inquiry for this court is, whether the appellant has made a *prima facie* showing, leaving entirely for the Circuit Court to determine *whether the showing is sufficient,* uninfluenced by the fact that this court has determined that a *prima facie* showing has been made here, for such *prima facie* showing may be rebutted or overthrown by the showing before the Circuit Court. *Hence that court,* in considering the motion for a new trial, should regard the matter as *res integra,* without being

in any way influenced by the fact that this court has granted permission for the motion to be made in the Circuit Court."

Without undertaking to specify wherein the showing made before us has satisfied us that the appellant should be accorded permission to make the motion in the Circuit Court for a new trial upon after-discovered evidence (and we decline to point out these matters because we think it manifestly improper for us, by any expression of opinion upon the facts, to prejudge the hearing of the motion on its merits), we think the appellant has answered the requirements of the law in his showing before us.

It is, therefore, ordered, that the hearing of the appeal herein be suspended until the further order of this court, and that in the meanwhile the appellant be allowed to present to the presiding judge of the Court of General Sessions for Anderson County, his motion for a new trial upon the ground of after-discovered evidence, provided such application be made at the next term of such court after the date of this order.